UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FITZGERALD AUSTIN,

        Plaintiff,

                                                Case Number 08-13236

v.                                                Honorable David M. Lawson
                                                 Magistrate Judge Paul J. Komives

REDFORD TOWNSHIP POLICE
DEPARTMENT, KEVIN G. RILEY,
TIMOTHY L. PAULL, and JOHN M.
MORGAN

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS,
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, AND CONTINUING ORDER OF REFERENCE FOR
PRETRIAL PROCEEDINGS**

      This case is before the Court on the defendants' objections to a report filed by Magistrate Judge Paul J. Komives recommending that the defendants' motions for summary judgment be granted in part and denied in part. The plaintiff filed a *pro se* complaint in this case alleging that the defendants used excessive force and engaged in ethnic intimidation when they used a Taser multiple times when they arrested the plaintiff after he sped through a construction zone in Redford Township and refused to stop his car when the police tried to pull him over. *Pro bono* counsel was appointed for the plaintiff, and the Court entered an order referring the case to Judge Komives to conduct all pretrial matters, after which the defendants filed their motion. Judge Komives filed his report on July 18, 2011. The defendants filed timely objections and the plaintiff filed a reply. After reviewing the submissions and conducting a *de novo* review of the motions, responses, report of the

magistrate judge, and objections, the Court agrees with the recommended disposition of the motion. The matter will be referred again to the magistrate judge to ready it for trial.

The magistrate judge summarized the facts and procedural history of the case, which need not be repeated here. The magistrate judge concluded that the plaintiff properly pleaded a Fourth Amendment excessive force claim against the individual defendants. Any doubt that the defendants were on notice of the plaintiff's claim is put to rest by the fact that the defendants denied the allegations regarding each officer's conduct; asserted a defense of qualified immunity, which is only applicable to claims against individuals; and engaged in extensive discovery on this issue.

The magistrate judge concluded that there is a genuine issue of material fact with respect to whether defendant Riley's initial deployment of the Taser was objectively reasonable. The magistrate judge also concluded that a jury could find that defendant Riley's second (and potentially third) use of the Taser was unreasonable because the Taser was deployed after the plaintiff had fallen back into the car or was on the ground. He concluded that there is a genuine issue of material fact with respect to whether, and to what extent, the plaintiff was resisting or threatening the officers when defendant Riley deployed the Taser the second and potentially third time.

The defendants argue that Paull's use of the dog was reasonable because he saw the plaintiff begin to arise even after being stunned by the Taser, and because he was worried that the plaintiff was planning to retrieve the gun he had thrown out the window. The magistrate concluded that defendant Paull was not entitled to summary judgment because the video contradicted the defendants' account of events, leaving a genuine issue of material fact as to whether, and to what extent, the plaintiff was resisting. *See Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 178 (4th

Cir. 1998) ("An attack by an unreasonably deployed police dog in the course of a seizure is a Fourth Amendment excessive force violation.").

The record is clear that Austin was handcuffed and seated in the back of the police car when Morgan tasered him. The only justification for Morgan's use of the Taser was Austin's failure to place his feet in the car. The magistrate judge, citing *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 901 (6th Cir. 2004) and *Kijowski v. City of Niles*, 372 F. App'x 595, 600 (6th Cir. 2010) ("[A] stun gun inflicts a painful and frightening blow, which temporarily paralyzes the large muscles of the body, rendering the victim helpless. Absent some compelling justification — such as the potential escape of a dangerous criminal or the threat of immediate harm — the use of such a weapon on a non-resistant person is unreasonable." (internal quotation marks and citations omitted)), concluded that a reasonable jury could conclude that Morgan's use of the Taser to obtain compliance with his order after Austin was subdued and handcuffed was not objectively reasonable.

The magistrate judge recommended that the Court find that defendant Riley is entitled to summary judgment on qualified immunity grounds with respect to his initial deployment of the Taser because the law regarding use of a Taser to incapacitate a suspect who has not yet been subdued is insufficiently clear to have put defendant Riley on notice that his initial deployment of the Taser was unlawful. The magistrate noted that at the time of Austin's arrest, only four courts of appeals had addressed the initial use of a Taser to subdue a resistant suspect, each of which found that it did not constitute excessive force. Report and Recommendation at 21 (citing *Mattos v. Agarano*, 590 F.3d 1082, 1090 (9th Cir. 2010) (discussing *Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004); *Hinton*, 997 F.2d at 781-82; *Russo v. City of Cincinnati*, 953 F.2d 1036, 1044-45 (6th Cir. 1992)); *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992)). The plaintiff does not

object to that part of the report. A party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to an unfavorable portion of the magistrate judge's report releases the Court from its duty to independently review the issue. *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Therefore, the Court will adopt that part of the report.

However, the magistrate judge recommend that the Court find that the defendants are not entitled to summary judgment on qualified immunity grounds with respect to Riley's subsequent use of the Taser, defendant Paull's use of the dog, or defendant Morgan's use of the Taser because the evidence, viewed in the light most favorable to Austin, reveals that he posed no significant threat to the officers once he was on the ground, and the law regarding the use of force against a subdued suspect was clearly established. Report and Recommendation at 19-20 (citing *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009) (citing cases); *see also Meirthew v. Amore*, 417 F. App'x 494, 499 (6th Cir. 2011) ("[P]rior opinions clearly establish that it is unreasonable to use significant force on a restrained subject, even if some level of passive resistance is presented.").

The magistrate judge recommended that the Court construe the claim against the police department as one against the Redford Township because it is the real party in interest. Report and Recommendation at 22 n.6 (citing *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"). Nevertheless, the magistrate judge recommended that the Court find that the Redford Township Police Department is entitled to summary judgment on both the plaintiffs' failure to train claim and his general policy and custom claim. With respect to his failure to train claim, the magistrate judge concluded that the plaintiff

failed to show a deliberate indifference because he has not pointed to similar incidents suggesting that the Township knew of and disregarded any inadequacies in their training program, nor does he point to any evidence suggesting the training was inadequate. The plaintiff's only evidence — defendant Morgan's statement in the police car that he deployed the Taser based on the plaintiff's "[f]ailure to comply to verbal command, sir — my training. . . . I ask you, I told you, that's all I need, thank you," Mot. for Summ. J., Ex. 15, Morgan Video at 21:17:19-25 — shows, at most, that Morgan was inadequately trained or misunderstood his training.

The magistrate judge also concluded that the plaintiff's argument that the police department's "Less than Lethal Use of Force Policy," which authorizes the use of a Taser in certain circumstances, was the moving force behind the constitutional violation was meritless because the plaintiff pointed to nothing that showed the policy was in fact the moving force.

The plaintiff has not objected to those parts of the report, and they will be adopted.

Finally, the magistrate judge recommended granting the Township summary judgment with respect to the ethnic intimidation claim because the Township does not fall under the definition of "person" in the Michigan Penal Code. Michigan Compiled Laws § 750.147b(1), therefore, is inapplicable to the Township. The plaintiff did not object.

However, the magistrate judge recommended denying the individual defendants summary judgment on that claim because: (1) Mich. Comp. Laws § 750.147b(3) provides for a civil cause of action; (2) there is a genuine issue of material fact with respect to whether any of the defendants' actions were taken with the specific intent to harass or intimidate the plaintiff on the basis of his race; (3) the plaintiff has offered evidence that the individual defendants committed underlying criminal offenses, namely assault and battery and misconduct in office.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The defendants filed the following objections:

1. Officer Riley's deployment of the Taser was objectively reasonable.

2. Defendant Paull's use of the police dog was objectively reasonable.

3. Defendant Morgan's use of the Taser was objectively reasonable.

4. Defendant Officer Riley is entitled to qualified immunity.

5. Defendant Officer Paull is entitled to qualified immunity.

6. Defendant Officer Morgan is entitled to qualified immunity.

7. Plaintiff has failed to establish a claim of ethnic intimidation against the individual defendants.

    A. Whether Riley's deployment of Taser was objectively reasonable

The defendants argue that the magistrate judge incorrectly weighed the severity of the plaintiff's crime. Although he was initially pulled over for speeding, he fled, committing the more serious offense of fleeing and eluding a police officer. The defendants also argue that Officer Riley correctly saw the plaintiff as a threat because he raised an arm in an aggressive manner when defendant Riley approached and the plaintiff's handgun was close by. The defendants argue that Riley's repeated use of the Taser was justified because the plaintiff refused to comply with the

officer's commands, had attempted to evade arrest, and demonstrated a willingness to use force when he reversed his vehicle causing it to strike Riley's police car.

The defendants' arguments do not address the magistrate judge's analysis. The magistrate judge recommended that Riley be denied summary judgment for his *second and potentially third* use of the Taser because Austin was arguably subdued and did not pose a safety or flight risk. The defendants' arguments fail to dispute any of the magistrate judge's conclusion in this regard. Therefore, the defendants' first objection is overruled.

B. Whether defendant Paull's use of the police dog was objectively reasonable

The defendants argue that the evidence shows that the plaintiff, a very large man, was within three or four feet of a handgun, and that the Taser had no effect on the plaintiff. Defendant Paull, they argue, perceived a threat to the safety of Officer Riley and deployed the police dog to subdue the plaintiff. The defendants' argument might have merit if the defendants' version of events was not blatantly contradicted by the video evidence. The video shows that Austin was not stepping forward toward defendant Riley or his handgun. Rather, he stood still, with his hands raised, and exchanged words with defendant Riley. The magistrate judge's conclusion clearly is correct. Therefore, the defendants' second objection is overruled.

C. Whether defendant Morgan's use of the Taser was objectively reasonable

The defendants argue that the Court has addressed similar situations before and found the use of a Taser to be reasonable citing *Alexander v. City of Shelby Twp.*, No. 07-14741, 2009 WL 3241974 (E.D. Mich. Oct. 8, 2009) ("Officer Wylie deployed the taser only after repeated requests were not obeyed and with the knowledge that Plaintiff had shown a belligerent attitude, threatening officers, following his arrest. Moreover, the parties do not dispute that Officer Wylie used the Taser

only once to force compliance and that the contact was not disabling as Plaintiff immediately climbed into the patrol car after being Tased. While it is clear that the gratuitous use of force on a suspect who has already been subdued and placed in handcuffs is unconstitutional, this is not such a case: the single use of a Taser cannot be compared to the repeated or prolonged uses of non-deadly force found gratuitous in other contexts."); and *DeVoe v. Rebant*, No. 05-71863, 2006 WL 334297 (E.D. Mich. Feb. 13, 2006) ("Attempting to physically force Mr. DeVoe into the vehicle likely would have escalated the situation into a physical struggle in which Mr. DeVoe or the officers could have been seriously injured."). The defendants argue that defendant Morgan can be heard on the audio from the officer's in-car video telling the plaintiff to "stop resisting." Morgan Video at 21:12:58.

The Court will overrule the defendants' objection because *Alexander* and *DeVoe* are not controlling authority, and even if they were, their application to the present case is questionable because the facts are very different. Unlike *Alexander* and *DeVoe*, where the tased individuals were belligerent and refused to enter the police car, the plaintiff was already seated in the police car. He was intoxicated and had just been tased twice and bitten by a police dog, and was not resisting. The magistrate correctly concluded that a jury could find that Morgan's use of the Taser was objectively unreasonable.

### D. The qualified immunity objections

The defendants' fourth objection does not challenge the magistrate's conclusion that the law concerning the use of Tasers on subdued suspects is clearly established. Rather, the defendants argue that defendant Riley could have made a reasonable mistake about his personal safety and the amount of force necessary in arresting the plaintiff. Because there is a genuine issue of material fact

as to whether the plaintiff posed a threat, granting defendant Riley qualified immunity is inappropriate. *Bouggess v. Mattingly*, 482 F.3d 886, 896 (6th Cir. 2007) ("When the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury, the jury becomes the final arbiter of a claim of immunity."). Therefore, the defendants' fourth objection is overruled.

The defendants' fifth objection concerning defendant Paull's use of a police dog also does not challenge the magistrate judge's conclusion that the law concerning the use of a police dog on a subdued suspect is clearly established. The defendants only argue that defendant Paull may have made a reasonable mistake as to his personal safety and the amount of force necessary. The fact that defendant Paull may have violated a clearly established constitutional right necessarily means that defendant Paull is not entitled to qualified immunity. Therefore, the defendants' fifth objection is overruled.

In their sixth objection, the defendants argue that the law surrounding the use of force on handcuffed individuals who refuse to comply with officers' commands to enter a police vehicle is not clearly established, and therefore, it would not have been clear to a reasonable officer that using a Taser to get the plaintiff to put his feet into the patrol car was unlawful.

"For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [she] is doing violates that right.'" *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (quoting *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)); *see also Saucier v. Katz*, 533 U.S. 194, 202 (2001) (describing the Court's inquiry as "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"); *cf. Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (noting that the right must be

sufficiently particularized to allow a reasonable official to understand that she is violating the right). However, the Supreme Court has clarified that neither a decision of the Court nor an extreme level of factual specificity is necessary in every instance to give fair warning. *See United States v. Lanier*, 520 U.S. 259, 268, 271 (1997); *see also Gould v. Symons*, 275 F. Supp. 2d 843, 848 (E.D. Mich. 2003). The Supreme Court has observed that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). "The fact that the law may have been unclear, or even hotly disputed, at the margins does not afford state actors immunity from suit where their actions violate the heartland of the constitutional guarantee, as that guarantee was understood at the time of the violation." *Stemler v. City of Florence*, 126 F.3d 856, 867 (6th Cir. 1997).

"[T]he right to be free from excessive force is a clearly established Fourth Amendment right." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004). Additionally, it is clearly established that "a gratuitous use of force on a suspect that has already been subdued violates the Fourth Amendment." *Williams v. City of Taylor*, No. 09-13891, 2011 WL 1869592, at *3 (E.D. Mich. May 16, 2011) (citing *Roberts v. Manigold*, 240 F. App'x. 675, 677 (6th Cir. June 14, 2007) (finding jury question where record supported a finding that plaintiff was "completely pinned" by a 225–pound officer, a former U of M football player, when the officer's partner continued to Taser the plaintiff); *Baker v. City of Hamilton*, 471 F.3d 601, 607 (6th Cir. 2006)); *see also Kijowski v. City of Niles*, 372 F. App'x 595, 599-600 (6th Cir. 2010) (deploying Taser on suspect who was not resisting is objectively unreasonable); *Grawey v. Drury*, 567 F.3d 302, 311 (6th Cir. 2009) (concluding use of pepper spray on compliant suspect who has not been told he is under arrest and

is not handcuffed is objectively unreasonable). The gratuitous or excessive use of a Taser violates a clearly established constitutional right. *Landis v. Baker*, 297 F. App'x 453, 463 (6th Cir. 2008).

Defendant Morgan used his Taser on Austin roughly thirty seconds after giving Austin the first order to put his feet in the police car. The Court finds that both common sense and decency dictate that the continued application of physical force on a disoriented and unresisting subject, who has been subdued, handcuffed, and placed in a police car, without providing him adequate time to comply is clearly a violation of the suspect's right to be free from excessive force. Therefore, the defendants' sixth objection is overruled.

### E. Ethnic Intimidation Objection

The defendants merely argue that the Michigan Legislature did not intend the ethnic intimidation statute to apply to situations where the police were enforcing the law in apprehending a criminal suspect. The defendants do not address the magistrate judge's reasoning concerning the specific intent and underlying criminal act requirements. The defendants' seventh objection, therefore, is overruled.

### III.

The Court agrees with the magistrate judge and finds that his determination of the issues in the defendants' motion was correct. Therefore, the Court will adopt the report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge [dkt. # 40] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the report and recommendation [dkt. # 41] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt. #30] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff's section 1983 and state law ethnic intimidation claims against Redford Township and the plaintiff's section 1983 excessive force claim against defendant Riley based on Riley's first use of a Taser are **DISMISSED**. The summary judgment motion is **DENIED** in all other respects.

It is further **ORDERED** that the matter is referred to Magistrate Judge Paul J. Komives under the previous reference order [dkt. # 4] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: September 30, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2011.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL